UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ANGELA M. MCNEAL,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.
f/k/a ER SOLUTIONS, INC.,
and JOHN DOES 1-4,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. <u>Mims v. Arrow Fin. Servs. LLC,</u> 132 S. Ct. 740 (2012); U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resided here when the violative conduct occurred and Defendant, E.R. SOLUTIONS, INC., placed telephone calls into this District on behalf of JOHN DOE 1 at the direction of JOHN DOES 2-4.

## PARTIES

3.    Plaintiff, ANGELA M. MCNEAL, is a natural person, and at the time of the events alleged herein, was a citizen of the State of Florida, residing in Broward County, Florida.

1

4.     Defendant, CONVERGENT OUTSOURCING, INC., f/k/a ER SOLUTIONS, INC., ("CONVERGENT") is a professional corporation and citizen of the State of Massachusetts with its principal place of business at Two Wells Avenue, Newton, Massachusetts 02459.

5.     Defendant, JOHN DOE 1, is the creditor on whose behalf, CONVERGENT placed the violative calls to Plaintiff's cellular telephone. Plaintiff is presently unaware of the name of this individual, will obtain it through discovery and amend her complaint accordingly.

6.     Because JOHN DOE 1 is the creditor on whose behalf CONVERGENT placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

7.     Defendants, JOHN DOES 2-4, are employees and officers and agents of CONVERGENT. JOHN DOES 2-4 established the policies of or carried out the practices of CONVERGENT regarding the TCPA or authorized those policies and practices complained of herein.

8. Pursuant to 47 U.S.C. § 217, an officer, agent, or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

47 U.S.C. § 217

## FACTUAL ALLEGATIONS

9. On or about July 5, 2011, Defendant, CONVERGENT, or others acting at its request, on behalf of JOHN DOE 1 left a pre-recorded message on Plaintiff's voice mail on her cellular telephone seeking to communicate with a person other than Plaintiff who is a stranger to Plaintiff.

10. Defendant, CONVERGENT, or others acting at its request, on behalf of JOHN DOE 1, left other messages using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone.

11. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

12. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING CONVERGENT OUTSOURCING, INC. f/k/a ER SOLUTIONS, INC. AND JOHN DOE 1

13. Plaintiff incorporates Paragraphs 1 through 12.

14. Defendant, CONVERGENT, or others acting at its request, on behalf of JOHN DOE 1, placed non-emergency telephone calls to Plaintiff's cellular telephone

using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, CONVERGENT OUTSOURCING, INC., f/k/a ER SOLUTIONS, INC and JOHN DOE 1, for:

    a.    Damages;

    b.    a declaration that Defendants calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING JOHN DOES 2-4

15. Plaintiff incorporates Paragraphs 1 through 12.

16. Defendant, JOHN DOES 2-4, established the policies of or carried out the practices complained of herein regarding the TCPA or authorized those policies and practices that caused the placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant JOHN DOES 2-4 for:

    a.    Damages;

    b.    a declaration that Defendants calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

        DON YARBROUGH, ESQ.
        SCOTT R. STRAUSS, ESQ.
        Attorneys for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        don@donyarbrough.com
        scottstrauss@donyarbrough.com

    By: s/ Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658